**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

LORI W. WILL
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

August 3, 2026

Brian M. Rostocki, Esquire
John T. Miraglia, Esquire
Reed Smith LLP
1201 North Market Street, Suite 1500
Wilmington, Delaware 19801

John A. Sensing, Esquire
Hannah L. Paxton, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street, 6th Floor
Wilmington, Delaware 19801

Paul D. Brown, Esquire
Gregory E. Stuhlman, Esquire
Dakota B. Eckenrode, Esquire
Chipman Brown Cicero & Cole LLP
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801

RE: *HKA Global, LLC v. Christopher Beirise et al.*,
C.A. No. 2024-0910-LWW

Dear Counsel,

I write to resolve various motions pending in this case. Before me are a motion for leave to amend, three discovery motions, and two motions for attorneys' fees. Each motion is addressed below.

This action originally hinged on alleged breaches of non-competition and non-solicitation covenants in a Restrictive Covenant Agreement (the "RCA").[1] Plaintiff HKA Global, LLC sought to enjoin its former partner—defendant

Christopher Beirise—from working for a competitor, defendant Accuracy US, LLC. HKA also sought to enjoin Accuracy and two other former HKA partners—defendants Hansell Pasco and Tanner Courrier (together with Beirise, the "Partners")—from tortiously interfering with Beirise's covenants. And HKA sought damages, alleging that the defendants breached a Transition and Settlement Agreement (the "TSA") by violating those underlying restraints.

On December 16, 2025, I issued a Memorandum Opinion holding that the RCA's non-compete and non-solicit covenants were impermissibly overbroad and unenforceable under Delaware law.[2] Because the contract claims were predicated on these restraints, I granted partial judgment on the pleadings in favor of the defendants on Counts I, II, and III of HKA's complaint.[3]

The December 2025 ruling fundamentally changed the nature of this case, leaving two tort claims regarding the defendants' alleged recruitment of HKA employees.[4] Yet the case continued to expand through a series of motions. The defendants sought interim awards of attorneys' fees under a prevailing party

---

[1] Verified Compl. for Inj. and Other Relief (Dkt. 1) ("Compl.").

[2] Mem. Op. Regarding Mot. for Partial J. on the Pleadings (Dkt. 240) ("Mem. Op.") 17.

[3] *Id.* at 17-19.

[4] Compl. ¶¶ 138-53.

provision in the TSA.  HKA moved for leave to file an amended complaint that sidesteps my prior ruling.  And discovery motions were brought in which both sides took extreme positions.

To resolve these motions in a logical sequence, I begin with whether HKA can file an amended complaint.  After concluding that some—but not all—of the claims it seeks to add are appropriate, I address the pending discovery motions. Finally, I deny the defendants' premature fee motions.

Motion for Leave to Amend

HKA has moved for leave to file a verified amended complaint.[5]  The proposed complaint excises the dismissed RCA claims but reasserts the TSA breach claim predicated on an English law-governed Nominee Deed and Deed of Adherence (the "UK Investment Documents"), which it conditions on the outcome of parallel litigation in the United Kingdom.[6]  The amendment bolsters the existing breach of fiduciary duty claim against the Partners and adds new claims for breach of the RCA's confidentiality provision, breach of the TSA's payment and notice provisions, and aiding and abetting against Accuracy.[7]

---

[5] Pl.'s Mot. for Leave to File Verified Am. Compl. (Dkt. 250) ("Pl.'s Mot. for Leave").

[6] Id. at Ex. A (proposed Verified Am. Compl.) ¶¶ 177, 188-90.

[7] Id. ¶¶ 170-215.

The defendants oppose the motion on futility grounds.[8] Accuracy and the Partners argue that the claims predicated on the UK Investment Documents are contrary to my ruling granting partial judgment on the pleadings.[9] They also rely on excerpts from HKA's Rule 30(b)(6) depositions to argue that HKA suffered no damages from the TSA notice provision breaches and that the Partners did not misuse confidential information.[10] The Partners further argue they were not fiduciaries and merely engaged in lawful preparations to compete.[11] HKA's reply insists that the UK Investment Document-based claims should be stayed if they are deemed unripe, that the defendants' reliance on extrinsic deposition testimony is improper, and that the new claims are well-pleaded.[12]

---

[8] Accuracy US, LLC's Opp'n to HKA Global LLC's Mot. for Leave to File Verified Am. Compl. (Dkt. 255) ("Accuracy's Opp'n to Mot. for Leave"); Defs. Beirise, Pasco, and Courrier's Opp'n to Pl.'s Mot. for Leave to File Verified Am. Compl. and Joinder to Def. Accuracy US, LLC's Opp'n to Pl.'s Mot. for Leave to File Am. Verified Compl. (Dkt. 256) ("Partners' Opp'n to Mot. for Leave").

[9] Accuracy's Opp'n to Mot. for Leave ¶¶ 11-16; Partners' Opp'n to Mot. for Leave ¶¶ 6-9.

[10] Accuracy's Opp'n to Mot. for Leave ¶¶ 17-20; Partners' Opp'n to Mot. for Leave ¶ 18.

[11] Partners' Opp'n to Mot. for Leave ¶¶ 10-21.

[12] Omnibus Reply in Further Supp. of Pl.'s Mot. for Leave to File Verified Am. Compl. (Dkt. 262).

Under Court of Chancery Rule 15(a), the court should "freely give leave [to amend] when justice so requires."[13]  The court will deny leave to amend only upon a showing of undue prejudice, undue delay, bad faith, dilatory motive, or futility.[14] "A motion for leave to amend a complaint is futile where the amended complaint would be subject to dismissal under Rule 12(b)(6) for failure to state a claim."[15]

Applying these standards, the motion is granted in part and denied in part.

First, the motion is granted regarding the newly asserted claims for breach of the RCA confidentiality provision, breach of the TSA payment and notice provisions, and aiding and abetting.  It is also granted regarding the new allegations supporting the breach of fiduciary duty claim.  Taking HKA's allegations as true, these claims are not so deficient as to be futile.

To argue futility, the defendants improperly rely on excerpts from Rule 30(b)(6) deposition testimony that HKA suffered no damages and that no confidential information was misused.  A motion for leave to amend does not

---

[13] Ct. Ch. R. 15(a)(2).

[14] *See Grace Bros., Ltd. v. Siena Hldgs., Inc.*, 2009 WL 1799120, at *1 (Del. Ch. June 5, 2009).

[15] *Price v. E.I. DuPont de Nemours & Co.*, 26 A.3d 162, 166 (Del. 2011).

invite the court to test a pleading against a developing discovery record.[16] Because HKA has alleged that it suffered damages, the claims survive a futility analysis at this stage.

Second, the motion is denied regarding the portions of Counts I and II that predicate a breach of the TSA upon the UK Investment Documents. HKA's attempt to plead these claims is an impermissible end-run around my December 16, 2025 Memorandum Opinion. I held that HKA cannot use a Delaware contract claim to litigate the substance of English covenants subject to a mandatory foreign forum selection clause.[17] Recasting this as a contingent claim pending the English court's decision does not cure the defect.[18] To permit HKA to add these claims would be contrary to the law of the case.

Finally, I note that the defendants do not meaningfully argue that they will suffer undue prejudice from the addition of the surviving claims. Merits discovery

---

[16] *Cf. Whittington v. Dragon Gp. L.L.C.*, 2011 WL 497612, at *4 (Del. Ch. Feb. 11, 2011) (explaining that an amendment is futile if the claim's legal sufficiency is "obvious on its face").

[17] Mem. Op. 18-19.

[18] Pl.'s Mot. for Leave Ex. A ¶¶ 177, 188. *In re Straight Path Communications Commc'ns Inc.*, which HKA cites to request a stay rather than dismissal, is inapposite. That case involved unripe claims properly before the Delaware court. 2017 WL 5565264, at *3 (Del. Ch. Nov. 20, 2017). Unlike this case, *Straight Path* did not involve claims contractually relegated to an exclusive foreign jurisdiction.

remains ongoing, and the defendants will have the opportunity to test HKA's allegations on a full evidentiary record.

HKA is directed to file a revised Verified Amended Complaint conforming to this ruling within ten business days.

Motion for Issuance of Letter of Request

HKA also moves for an order approving the issuance of a Hague Convention Letter of Request.[19] It seeks to depose Martin Harris, an Accuracy Principal residing in the United Kingdom, who allegedly negotiated the TSA and assisted in recruiting HKA personnel.[20] Accuracy opposes the motion, arguing that Harris's testimony is irrelevant given the dismissal of certain claims, that a Rule 30(b)(6) deposition is an adequate alternative means of discovery, and that Harris's communications are protected by the attorney-client privilege.[21]

---

[19] Pl. HKA Global, LLC's Mot. for Issuance of Hague Convention Letter of Request to Obtain Evidence in the United Kingdom (Dkt. 223) ("Pl.'s Mot. for Issuance"); *see also* Reply in Further Supp. of Pl.'s Mot. for Issuance of a Hague Convention Letter of Request to Obtain Evidence in the United Kingdom (Dkt. 238).

[20] Pl.'s Mot. for Issuance ¶¶ 4-6.

[21] Accuracy US, LLC's Opp'n to HKA Global, LLC's Mot. for Issuance of Hague Convention Letter of Request to Obtain Evidence in the United Kingdom (Dkt. 232).

"The party seeking a letter of request bears the burden of persuading the trial court that its issuance is warranted."[22]  When evaluating a request for international judicial assistance under the Hague Convention, Delaware courts have considered the five factors outlined by the United States Supreme Court in *Société Nationale Industrielle Aerospatiale v. U.S. District Court for the Southern District of Iowa*.[23] Those factors are: (1) the importance to the litigation of the documents or other information requested; (2) the degree of specificity of the request; (3) whether the information originated in the United States; (4) the availability of alternative means of securing the information; and (5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located.[24]

Application of the *Société Nationale* factors favors using the Hague Convention to secure Harris's testimony.  Harris resides outside the court's subpoena power and possesses unique, firsthand knowledge regarding the surviving TSA breach claims and counterclaims, as well as the fiduciary duty

---

[22] *In re Cote d'Azur Est. Corp.*, 286 A.3d 504, 514 (Del. Ch. 2022).

[23] 482 U.S. 522 (1987); *see Cote d'Azur*, 286 A.3d at 515.

[24] 482 U.S. at 544 n.28.

claims. A Rule 30(b)(6) deposition is an inadequate substitute for his percipient testimony.

The Letter of Request submitted by HKA is, however, impermissibly broad in one respect. Considering that I held the RCA's restrictive covenants were unenforceable, Topic One, which deals exclusively with those restrictive covenants, is no longer relevant to any viable claim.[25] Given my ruling on HKA's motion to amend, the solicitation of HKA employees remains relevant to the breach of fiduciary duty and aiding and abetting claims. The examination will therefore focus on the TSA, the operational launch of Accuracy US, the pre-resignation solicitation of HKA employees, and the foundation for any privilege assertions. Accordingly, HKA must submit a revised Letter of Request omitting Topic One. Accuracy may lodge any privilege objections on the record during the deposition.

Motion to Exclude Interrogatory Responses

Next, Accuracy moves to exclude HKA's initial and supplemental responses to Interrogatory No. 28 in Accuracy's Fourth Set of Interrogatories.[26] Accuracy

---

[25] Pl.'s Mot. for Issuance Ex. 1 (proposed Letter of Request) ¶ 10.

[26] Def. Accuracy US, LLC's Mot. to Exclude Pl. HKA Global, LLC's Sworn Interrog. Resps. (Dkt. 269) ("Accuracy's Mot. to Exclude"); *see also* Def. Accuracy US, LLC's

argues that these responses, which detail HKA's purported efforts to mitigate damages by hiring replacement personnel, contradict the Rule 30(b)(6) testimony of HKA's designee, Paul Donato.[27]  It asks that I exclude the interrogatory response under Court of Chancery Rule 33(c) and Delaware Rule of Evidence 403.[28]

During his deposition, Donato testified that approximately 20 employees hired since August 2024 were part of HKA's "growth plan" and that "there was no mitigation that related to those 20 employees."[29]  Months later, HKA served a verified interrogatory response stating it had mitigated damages by hiring 22 non-partner employees, half of which were to "replace the skill sets" of the departed employees.[30]  Accuracy asserts that Donato's testimony is binding on HKA and that the contradictory interrogatory responses must be stricken as unfairly prejudicial.[31]  HKA responds that Donato was not designated to testify about

---

Reply in Supp. of Its Mot. to Exclude Pl. HKA Global, LLC's Sworn Interrog. Resps. (Dkt. 272).

[27] Accuracy's Mot. to Exclude 6-8.

[28] *Id.* at 6, 8-9.

[29] *Id.* at Ex. A (Donato Dep. Tr.) 71-72.

[30] Accuracy's Mot. to Exclude Ex. E (HKA's Supp. Objs. and Resps. to Accuracy's Fourth Set of Interrogs.) 5-6.

[31] Accuracy's Mot. to Exclude 8-10.

mitigation and, regardless, any inconsistency is an issue for cross-examination at trial.[32] HKA also seeks fee-shifting, arguing that Accuracy's motion is baseless.[33]

Both parties' positions are overstated. HKA's attempt to sever "mitigation" from "damages" to disavow its designee's testimony is unavailing. "As a general rule, a party cannot recover damages for a loss that he could have avoided by reasonable efforts."[34] When HKA designated Donato to testify about its harm or damages, that topic included HKA's mitigation efforts. Donato's testimony was within the scope of his designation.

Accuracy, for its part, misconstrues the weight of Rule 30(b)(6) testimony. As explained in *ADT Holdings, Inc. v. Harris*, Rule 30(b)(6) testimony is an evidentiary admission—not a conclusive judicial admission.[35] It binds the organization in the sense that it cannot distance itself from the testimony as the unauthorized statement of a rogue employee. But it does not estop the

---

[32] Pl. HKA Global LLC's Opp'n to Accuracy US, LLC's Mot. to Exclude HKA's Sworn Interrog. Resps. (Dkt. 271) ("HKA's Opp'n to Mot. to Exclude") 5-10. Donato was designated to testify about "[a]ny harm or damage that HKA claims to have suffered as a result of the conduct alleged in HKA's Complaint." Accuracy's Mot. to Exclude Ex. A (Donato Dep. Tr.) 36.

[33] HKA's Opp'n to Mot. to Exclude 13.

[34] *W. Willow-Bay Ct., LLC v. Robino-Bay Ct. Plaza, LLC*, 2009 WL 458779, at *4 (Del. Ch. Feb. 23, 2009) (quoting Restatement (Second) of Contracts § 350 cmt. B (A.L.I. 1981)).

organization from supplementing, correcting, or even contradicting that testimony with other evidence.[36]

Accuracy's reliance on Delaware Rule of Evidence 403 is similarly misplaced. Its request is effectively a premature motion in limine styled as a discovery dispute. Even if the request were ripe, there would be little reason to exclude the evidence in a bench trial; I would consider the evidence and give it the appropriate weight. Accuracy is free to explore this inconsistency on cross-examination, but the inconsistency is not grounds to exclude a sworn discovery response.

Accuracy's motion to exclude is denied. HKA's request for attorneys' fees under Rule 37(a)(4)(B) is also denied. Although Accuracy's motion is meritless, HKA's tactical pivot away from its corporate designee's admissions invited this dispute. Neither side's conduct warrants fee-shifting.

Motion to Enforce Protective Order

Accuracy moves to hold HKA in civil contempt and seeks sanctions for an alleged violation of the Stipulation and Order for the Production and Exchange of

---

[35] 2017 WL 3913164, at *1-2 (Del. Ch. Sep. 7, 2017).

[36] *Id.* at *2.

Confidential and Highly Confidential Information (the "Protective Order").[37]

Accuracy contends that HKA violated the Protective Order when a pleading

quoting extensively from documents designated as "Confidential" and "Highly

Confidential—Attorneys' Eyes Only" was filed on the public docket in parallel

litigation in the England.[38]   Accuracy asks that I order HKA to withdraw the

English filing and pay Accuracy's attorneys' fees.[39]

Upon reviewing the briefing, I observed an inconsistency in Accuracy's

narrative.  Accuracy's motion conflated the plaintiff in this action—HKA Global,

LLC—with its parent company.[40]   As such, I requested supplemental submissions

clarifying which entity publicly disclosed the information and whether a non-party

affiliate's misuse of discovery material supports a finding of contempt against its

---

[37] Def. Accuracy US, LLC's Mot. to Enforce Protective Order following Pl. HKA Global, LLC's Violations (Dkt. 168) ("Accuracy's Mot. to Enforce"); *see also* Pl. HKA Global LLC's Opp'n to Def. Accuracy US LLC's Mot. to Enforce Protective Order (Dkt. 175); Def. Accuracy US, LLC's Reply in Supp. of Its Mot. to Enforce Protective Order Following Pl. HKA Global, LLC's Violations (Dkt. 190); Stipulation and Order for the Produc. and Exchange of Confidential and Highly Confidential Information (Dkt. 38) ("Protective Order").

[38] Accuracy's Mot. to Enforce ¶¶ 5, 13.

[39] *Id.* ¶¶ 1, 7, 20.  The English court removed the unredacted version of the filing on September 11 and substituted a redacted version.  *See* Pl. HKA Global, LLC's Mot. for Leave to Suppl. Its Opp'n to Def.'s Mot. to Enforce Protective Order (Dkt. 203) ¶ 5.

[40] Letter to Counsel Regarding Mot. to Enforce Protective Order (Dkt. 213).

subsidiary.[41]  In response, HKA confirmed that only the parent entity, HKA Group Holdings, filed the offending pleading.[42]

Delaware law respects corporate separateness.[43]  And a finding of contempt requires that the party to be sanctioned is bound by the order that is the basis for contempt, has clear notice of it, and violated it in a meaningful way.[44]  Thus, to hold HKA in contempt for the actions of its parent, Accuracy was required to demonstrate that HKA directed the filing or to establish grounds to pierce the corporate veil.[45]  Accuracy did neither.

HKA complied with its express obligations under the Protective Order. Paragraph 12 permits a party to share designated discovery material provided it obtains a signed undertaking from the recipient.[46]  HKA secured the required undertaking from its English counsel on March 13, 2025, before transmitting the

---

[41] *Id.* at 1-2.

[42] Letter in Resp. to the Ct.'s October 17, 2025 Letter Regarding Mot. to Enforce Protective Order (Dkt. 215).

[43] *See Manichaean Cap., LLC v. Exela Techs., Inc.*, 251 A.3d 694, 713 (Del. Ch. 2021).

[44] *See TransPerfect Glob., Inc. v. Pincus*, 278 A.3d 630, 644 (Del. 2022).

[45] *See id.* at 648-49 (reversing a contempt finding against a corporate owner where the court failed to establish a factual basis that the owner "personally violated" the order or directed the company to do so).

[46] Protective Order ¶ 12.

materials.[47]  HKA did not violate an order of this court.  Its parent company and English counsel did.

To be clear, the public dissemination of designated discovery material on a foreign docket is a breach of confidentiality.  As Accuracy rightly notes, HKA's English counsel submitted to this court's jurisdiction for the enforcement of the Protective Order when he executed the undertaking.[48]  But Accuracy chose to seek sanctions against the Delaware subsidiary rather than pursuing relief against the signatories of the undertaking or the entity that filed the pleading in England.  Accuracy's motion to enforce the protective order against HKA is therefore denied.

Motions for Fee Shifting

The final dispute concerns motions for attorneys' fees filed by Accuracy and by the Partners.  Those motions are denied without prejudice.

As discussed, I granted the defendants' motion for partial judgment on the pleadings regarding Counts I, II, and III.[49]  I subsequently entered an implementing

---

[47] Letter in Resp. to the Court's October 17, 2025 Letter Regarding Mot. to Enforce Protective Order (Dkt. 215) 3-4.

[48] Def. Accuracy US, LLC's Resp. to Pl. HKA Global, LLC's Mot. to Suppl. Its Opp'n to Mot. to Enforce Protective Order Following HKA's Violations (Dkt. 207) ¶ 8.

[49] *See* Mem. Op. 17-19.

order that declined to address fee-shifting or designate a prevailing party because "claims under the TSA remain pending."[50] Despite that statement, Accuracy and the Partners moved for more than $4.4 million in interim attorneys' fees and costs under the TSA's prevailing-party provision.[51] The parties now dispute whether and how these motions should be briefed.[52]

The defendants' motions are premature. Delaware courts disfavor piecemeal fee applications.[53] No exigency exists here that warrants a deviation from this sensible practice.

The defendants' filings demonstrate why an interim fee award is impractical. For example, the Partners argue that apportioning their fees is impossible because the dismissed contract claims and the surviving tort claims are "inextricably intertwined" and share a "common core of operative facts."[54] Attempting to assess

---

[50] Order Implementing December 16, 2025 Mem. Op. (Dkt. 243) 2.

[51] Def. Accuracy US, LLC's Mot. for Att'ys' Fees and Costs as a Prevailing Party on Pl. HKA Global, LLC's Breach of Contract Claims (Dkt. 247); Defs. Beirise, Pasco, and Courrier's Mot. for Att'ys' Fees and Costs as a Prevailing Party on Pl. HKA Global, LLC's Breach of Contract Claims (Dkt. 252) ("Partners' Mot. for Fees").

[52] Joint Letter Regarding Br. on Defs.' Mots. for Att'ys' Fees and Costs (Dkt. 259).

[53] *See In re Emulex S'holder Litig.*, C.A. No. 4536-VCS (Del. Ch. Dec. 18, 2009) (ORDER) ("Efficiency concerns suggests that, absent some exigency, requests for fees all be heard one time at the end of a case.").

[54] Partners' Mot. for Fees ¶ 15.

the reasonableness of fees linked to claims still being litigated would be inefficient and distract from the resolution of the merits.  If the claims are truly intertwined, any fee application must await a final judgment.

Accordingly, briefing on the defendants' entitlement to fee-shifting is stayed.

*          *          *

This letter resolves all disputes ripe for resolution.  It is my intention to now get this case back on track.  The parties are asked to contact chambers for a status conference, and to file a joint letter before that conference updating the court on the case's status.  IT IS SO ORDERED.

Sincerely yours,

/s/ Lori W. Will

Lori W. Will
Vice Chancellor